IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLIE ROSE NICHOLS § | |
| F/K/A SHERI LYNN SMITH § | |
| § | |
| Plaintiff, § | |
| vs. § | Civil Action No. 3:17-CV-02096-M-BH |
| § | |
| WELLS FARGO BANK, N.A. § | |
| § | |
| Defendant. § | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order No. 3-251*, this foreclosure case been automatically referred for full case management. Before the Court for recommendation is *Defendant's Motion to Dismiss*, filed September 21, 2017 (doc. 8). Based upon the relevant filings and applicable law, the motion should be **GRANTED**.

**I. BACKGROUND**

This case involves the attempted foreclosure of real property located at 7605 Coral Way, Rowlett, Texas 75088 (the Property). (*See* doc. 1-5 at 3.)[1] On July 27, 2017, Charlie Rose Nichols f/k/a Sheri Lynn Smith (Plaintiff) filed this lawsuit alleging breach of contract, common law fraud, and breach of the duty to deal in good faith against Wells Fargo Bank, N.A. (Defendant) in the 160th District Court of Dallas County, Texas (*See* doc. 1 at 1.) On August 9, 2017, Defendant removed this action to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (doc. 1.)

Plaintiff's original petition alleges that she executed a deed of trust (Deed of Trust) in favor of Washington Mutual Bank FA on November 20, 2002, which was secured by the Property. (doc.

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

1-5 at 3.) Defendant is the successor in interest to the original mortgagee and the current holder of the note (Note) secured by the Property. (*Id.*)  After Plaintiff began having financial difficulties, she entered into loan modification negotiations with Defendant. (*Id.*)  Defendant's representatives allegedly told her they would not take any action to foreclose on the Property, but then scheduled a foreclosure sale for September 6, 2016. (*Id.* at 3-4.)  She claims that her efforts to modify the loan were refused because of Defendant's "insistence" that there is a title issue with the Property arising from her divorce, despite the fact that she recorded the deed of trust to secure assumption and the special warranty deed with the "Real Property Records of Dallas County, Texas." (*Id.* at 4.)  Plaintiff seeks actual and exemplary damages, attorney's fees, court costs, and a permanent injunction preventing Defendant from foreclosing on the Property.  (*Id.* at 4, 6-8.)

On September 21, 2017, Defendant moved to dismiss the action for failure to state a claim. (doc. 8.) Plaintiff did not respond.

## II. RULE 12(b)(6)

Defendant moves to dismiss Plaintiff's breach of contract claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted (doc. 8.)

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229, 120 S.Ct. 2659, 147 L.Ed. 274 (2000). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if its strikes a savvy judge that actual

2

proof of [the alleged] facts is improbable, and 'that a recover is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probably requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts are "merely consistent with" a defendant's liability, its "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

**A. Breach of Contract**

Defendant first moves to dismiss Plaintiff's claim for breach of contract based on her prior material breach and her failure to identify the contract and the specific provisions that it allegedly breached. (doc. 8 at 1.)

The essential elements of a breach of contract claim in Texas are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v.*

3

*TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.–Houston [14th Dist.] 2005, pet denied)).

Here, Plaintiff claims that, due to her "financial difficulties," she and Defendant had "debt restructuring negotiations" for a loan modification of the Note. (doc. 1-5 at 3-4.) During these negotiations, she alleges that Defendant's representatives "informed [her] they would not take any action to foreclose on the Property" during the "trial modification" period. (*Id.*) She further alleges that despite her "prompt trial modification payments," Defendant "refuse[d] to approve a final modification" because of a title issue relating to her divorce, and it later initiated foreclosure proceedings on the Property because she had "created a default which [she did] not have the financial means to cure." (*Id.* at 4.) The petition's "Breach of Contract" section only generally alleges that "[t]here exists a valid, enforceable contract between the parties," she "performed, tendered performance or was excused from performing its contractual obligations," and "[t]he breach of contract by Defendant caused injury to Plaintiff." (*Id.* at 4-5.)

Though Plaintiff's breach of contract claim appears to be based upon a loan modification agreement, the petition wholly fails to identify the terms of the agreement, the date upon which it was entered into, or even if it was agreed upon by both parties. *See Payne v. Wells Fargo Bank, N.A.*, No. 3:12-CV-5219-M, 2013 WL 5451856, at *7 (N.D. Tex. Sept. 27, 2013) ("In order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff alleging a breach of contract claim must indicate which loan documents and provisions were breached.") The petition, moreover, states that Plaintiff was in "default" on her payment obligations before and after the alleged loan modification "negotiations." (*See* doc. 1-5 at 3-4); *see Langlois v. Wells Fargo Bank Nat. Ass'n*, 581 F. App'x. 421, 425 (5th Cir. 2014) (citing *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990)) (explaining that under Texas law, it is a "well established rule that a party to a contract who is himself in default

4

cannot maintain a suit for its breach"). The petition is overall devoid of any factual allegations about how Defendant breached the agreement, the nature or extent of any damages sustained, or how the Plaintiff "tendered performance, or was excused from performing its contractual obligations" under the allegedly binding agreement. *Chapa v. Chase Home Fin. LLC*, NO. C-10-359, 2010 WL 5186785, at *5 (S.D. Tex. Dec. 15, 2010) (collecting Texas cases dismissing breach of contract claims where the plaintiff failed to show the contract or provision that the defendant breached). Her conclusory allegations fail to give rise to a plausible claim that Defendant breached any contract, and the claim should be dismissed for failure to state a claim.

**B. Fraud**

Defendant next seeks dismissal of Plaintiff's fraud claim because it fails to meet Rule 9(b)'s heightened pleading standard. (doc. 8 at 1.)

In Texas, the elements of common law fraud are: (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation, the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury. *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032–33 (5th Cir. 2010).

Rule 9(b) contains a heightened pleading standard and requires a plaintiff to plead the circumstances constituting fraud with particularity. *See* Fed. R. Civ. P. 9(b); *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were

fraudulent." *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out" with respect to a fraud claim. *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (internal quotations omitted). A dismissal for failure to plead fraud with particularity pursuant to Rule 9(b) is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim. *McCall v. Genentech, Inc.*, No. 3:10-CV-1747-B, 2011 WL 2312280, at *3 (N.D. Tex. June 9, 2011) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)).

Here, Plaintiff alleges that Defendant's fraudulent conduct is evidenced by statements from its "representatives" that it would not foreclose on the Property while she was attempting to modify the loan secured by the Property. (doc. 1-5 at 3, 5.) She further generally alleges that "Defendant knew the representations were false or made these representations recklessly, as a positive assertion, and without knowledge of its truth" and that Defendant "made these representations with the intent that Plaintiff act on them and Plaintiff relied on these representations causing her injury." (*Id*. at 5.)

While the petition nominally lays out the necessary elements of a common law fraud claim in Texas, it fails to include the specifics of "the who, what, when, where, and how" as required under Rule 9(b). *See Benchmark Electronics*, 343 F.3d at 724. The petition further fails to allege any facts that support her claim that Defendant had knowledge or acted recklessly. *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) ("[S]imple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b) . . . [because] the plaintiffs must set forth specific facts supporting an inference of fraud[,] . . . such as identify[ing] circumstances that indicate conscious behavior on the part of the defendants." (citations omitted) (emphasis in original). Because she has failed to meet the heightened pleading requirement of Rule 9(b), Plaintiff's fraud claim should be

dismissed for failure to state a claim.[2]

## C. <u>Breach of the Duty of Good Faith and Fair Dealing</u>

Defendant next seeks dismissal of Plaintiff's claim for breach of the duty of good faith and fair dealing because no such duty exists between a mortgagor and mortgagee and because the lien against the Property is not governed by the Texas Uniform Commercial Code (UCC). (doc. 8 at 1.)

Under Texas law, "there is no general duty of good faith and fair dealing in ordinary, arms-length commercial transactions in Texas." *Marketic v. U.S. Bank National Association*, 436 F. Supp. 2d 842, 855 (N.D. Tex. 2006). Such a duty can arise when it is "created by express language in a contract," however, or when "a special relationship of trust and confidence exists between parties to [a] contract." *Lovell v. W. Nat'l Life Ins. Co.*, 754 S.W.2d 298, 302 (Tex. App.–Amarillo 1988, writ denied). Though there are a limited number of circumstances where a plaintiff has "assert[ed] a special relationship . . . that [justifies imposing a] duty of good faith and fair dealing," Texas courts have consistently held that the mortgagor-mortgagee relationship is not a special relationship that generally gives rise to a fiduciary duty. *Fed. Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706, 709-10 (Tex. 1990) ("The relationship of mortgagor and mortgagee ordinarily does not involve a duty of good faith.") (citing *English v. Fischer*, 660 S.W.2d 621, 622 (Tex. 1983)). Further, "[b]ecause the Deed of Trust places a lien on real property, it is not governed by the UCC." *Water Dynamics, Ltd. v. HSBC Bank USA Nat. Ass'n*, No. 4:11-CV-614-A, 2012 WL 34252, at *6 (N.D. Tex. Jan. 6, 2012) (quoting *Vogel v. Travelers Indem. Co.*, 966 S.W.2d 748, 753 (Tex. App.–San Antonio 1998, no pet.) (citing Tex. Bus. & Com. Code § 9.104(10)); *see also Long*

---

[2] Defendant alternatively argues that Plaintiff's fraud claim "fails under the economic loss doctrine." (doc. 9 at 10-11.) Because Plaintiff fails to state a fraud claim with sufficient particularity under Rule 9(b), Defendant's alternative argument need not be addressed.

*v. NCNB–Texas Nat'l Bank*, 882 S.W.2d 861, 864 (Tex. App.–Corpus Christi 1994, no writ).

Here, Plaintiff claims that Defendant owed her the "implied covenant of good faith and fair dealing by virtue of [the UCC]" and because Defendant possessed "absolute control over the loan modification process" with "substantially superior bargaining power" over her. (doc. 1-5 at 5-6.) She contends that Defendant breached its duty when it failed to "promptly and diligently process Plaintiff's application for modification." (*Id*. at 6.)

Even accepting all of facts in Plaintiff's petition as true, it fails to "raise a right to relief above the speculative level." *See Nationsbank v. Perry Bros. Inc*., 68 F.3d 466 (5th Cir. 1995) (unpublished) (finding no "special relationship" between a borrower and lender even though the borrower "depended upon [the lender] for its critical financing requirements, and often shared its business-related confidence with [the lender]"); *see Sullivan v. Bank of America, N.A.*, No. 3:14-CV-3186-G, 2014 WL 6977093, at *5 (N.D. Tex. Dec. 10, 2014) (finding no special relationship between a mortgagor and mortgagee even though there was an "imbalance in bargaining power"). The petition further fails to explain how the lien against the property is governed by the UCC. *See Water Dynamics, Ltd.,* 2012 WL 34252, at *6 (explaining that when "the Deed of Trust places a lien on real property, it is not governed by the UCC"). Because Plaintiff fails to state a plausible claim for breach of the duty of good faith and fair dealing, it should be dismissed for failure to state a claim.

### D. **Injunctive Relief**

Defendant also seeks to dismiss Plaintiff's request for injunctive relief because she fails to state a viable cause of action. (doc. 9 at 14.)

To obtain injunctive relief, a plaintiff "is required to plead and prove, inter alia, 'a substantial likelihood of success on the merits.' " *Jackson v. Fed. Home Loan Mortg. Corp.*, No. 4:11-CV-507-

A, 2011 WL 3874860, at *3 (N.D. Tex. Sept. 1, 2011) (citing *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996)). Here, Plaintiff seeks a permanent injunction preventing Defendant from foreclosing on the Property. (doc. 1-5 at 7.) Because her substantive claims are subject to dismissal on the merits, they cannot establish any likelihood of success on the merits. *See Mitchem v. Mortg. Elec. Registration Servs., Inc.*, No. 3:12-CV-1762-M-BH, 2013 WL 3870038, at *11 (N.D. Tex. July 26, 2013). Accordingly, Plaintiff's request for injunctive relief should be denied.[3]

### III. OPPORTUNITY TO AMEND

Notwithstanding a plaintiff's failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314 at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600 at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870 at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600 at *2. However, courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, the defendant has specifically noted the failure to respond,

---

[3] In the "Prayer" section of her petition, Plaintiff requests actual and exemplary damages, attorney's fees, and court costs. (doc. 1-5 at 8.) Chapter 38 of the Texas Civil Practice and Remedies Code allows recovery of attorney's fees in a breach of contract suit. *See* Tex. Civ. Prac. & Rem. Code. § 38.001(8). To recover such fees, a party must (1) prevail on the breach of contract claim, and (2) recover damages. *MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 666 (Tex. 2009); *Mustang Pipeline Co.*, 134 S.W.3d at 201. Because Plaintiff has failed to state a viable breach of contract claim, she has failed to show that she is entitled to attorney's fees. *See Mustang Pipeline Co.*, 134 S.W.3d at 201. Because of her failure to allege any viable cause of action, Plaintiff's requests for damages, attorney's fees, and other miscellaneous relief should be dismissed. *See Franklin*, 2012 WL 2679496, at *13 (dismissing request for attorney's fees where all of the plaintiff's claims were subject to dismissal).

and the plaintiff has had ample opportunity to amend the complaint. *See Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir.1995) (noting passage of 327 days). Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, despite being represented by counsel, Plaintiff failed to respond to the motion to dismiss after being specifically invited to do so by the Court (doc. 10), and she has had ample opportunity to move for leave to amend their complaint as the motion to dismiss was filed on September 21, 2017. It also appears that Plaintiff has alleged her best case. Her claims should therefore be dismissed with prejudice.

## IV. RECOMMENDATION

Defendant's motion to dismiss should be **GRANTED**, and all of Plaintiff's claims should be **DISMISSED** with prejudice for failure to state a claim.

**SO RECOMMENDED** on this 6th day of April, 2018.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

10

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on the parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific findings or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglas v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE